[Civ. No. 8967. First Appellate District, Division One.—April 19, 1934.]

BEN NADLER, Respondent, v. AARON NADLER et al., Appellants.

Max Schleimer for Appellants.

Henry D. Lawrence for Respondent.

JOHNSTON (THOMAS D.), J., *pro tem.*—Plaintiff brought this action against the defendants for the purpose of declaring a grant deed given to defendant Aaron Nadler on March 1, 1917, to be a mortgage.

The trial court made its findings and rendered judgment in favor of plaintiff and against defendants, declaring said grant deed to be a mortgage, and finding and decreeing that title to the property was held under a resulting trust, and ordered an accounting to be had between the respective parties. Plaintiff claims that at the time of the execution of said deed he was in arrears in the installment payments on a contract to purchase real property, and at the same time was involved in domestic difficulties with his wife. Plaintiff, it seems, was in danger of losing his equity in the property in dispute in this action, and being desirous of making a property settlement with his wife, needed

money, both for the purpose of saving his equity in the real property, and to settle his property differences with his wife. He appealed to his father, defendant Aaron Nadler, and the latter either had no money, or did not have sufficient to satisfy the needs of plaintiff, but stated that he would appeal to his intended bride, a Mrs. Harris, for the loan of the money, which was afterward done. When the money was secured from Mrs. Harris, plaintiff and defendant Aaron Nadler met in an attorney's office, Mrs. Harris not being present, and then and there agreed that the necessary moneys would be supplied, and that the registered owner of the real property would execute a deed to defendant Aaron Nadler. With that, plaintiff and his wife would execute a quitclaim deed to Charles Herman, the registered owner, and Aaron Nadler would supply certain moneys to plaintiff for the purpose of satisfying demands of plaintiff's wife in their property settlement; that said Aaron Nadler would execute a trust deed to the registered owner of the property in satisfaction of the balance of the purchase price. It was at that time understood between plaintiff and Aaron Nadler that the latter was to take title to said property and hold same as security for moneys advanced by him; that rentals of said property and payments by plaintiff were to be applied on said indebtedness until satisfied, after which the property was to be conveyed by Aaron Nadler to plaintiff. Defendant Aaron Nadler claims time of redemption was limited to one year. The evidence is contradictory on this point, and the finding of the trial court would prevail.

About July 14, 1917, the said Aaron Nadler, by grant deed, transferred said property to his wife, Amailie Nadler, formerly the Mrs. Harris heretofore mentioned, upon her insistent demand, she making said demand by reason of the fact that she had advanced the moneys which said Aaron Nadler had given to plaintiff. This grant deed was executed by Aaron Nadler to his wife Amailie Nadler without notice to plaintiff here, and it does not appear from the record that plaintiff knew of said transfer, as contended by plaintiff, until some time during the year 1925. From March 1st, when Aaron Nadler secured a deed and possession of said premises, up to and until the present time, he and his wife had the sole ownership and possession of

said premises. During the greater portion of this time said premises were rented and the rents were collected exclusively by either Aaron Nadler or his wife. They paid all taxes, assessments and repairs, and paid and satisfied the promissory note and trust deed of the original owner, Herman.

The trial court found that the title taken by defendant Aaron Nadler was in effect a mortgage, and ordered and decreed that an accounting be had, which said accounting was had, and the trial court found that there was due from said defendant to plaintiff the sum of $341.98 in excess of the amount necessary to redeem, and made and entered its judgment decreeing that the same be paid by defendants to plaintiff, and further found that the title to said property should vest in plaintiff, Ben Nadler. From this judgment defendants have appealed.

The first matter presented to the court is the question of jurisdiction. Section 37 of the Land Title Law (Stats. 1915, p. 1940) holds that in case of fraud the person defrauded has all the rights and remedies that he would have had if the land were not registered under said act. The question then arises: Was the plaintiff in this action defrauded? Under the testimony held sufficient by the lower court, Aaron Nadler and Amailie (Harris) Nadler both took record title to the property in dispute as security for moneys advanced for the use and benefit of plaintiff herein, title to be held until reimbursement was made. In *Russell* v. *Southard et al.,* 12 How. (53 U. S.) 139 [13 L. Ed. 927], Mr. Justice Curtis, in delivering the opinion of the court, states in part: "But we have no doubt extraneous evidence is admissible to inform the court of every material fact known to the parties when the deed and memorandum were executed. This is clear, both upon principle and authority. To insist upon what was really a mortgage, as a sale, is in equity a fraud, which cannot be successfully practiced under the shelter of any written papers, however precise and complete they may appear to be." And again: "But the inquiry still remains, what amounts to an allegation of fraud, or of some vice in the consideration—and it is the doctrine of this court, that when it is alleged and proved that a loan on security was really intended, and the defendant sets up the loan as a

payment of purchase money, and the conveyance as a sale, both fraud and a vice in the consideration are sufficiently averred and proved to require a court of equity to hold the transaction to be a mortgage. . . . ''

This decision seems to prevail, and the evidence in the present case, as viewed in the light of that decision, would without question show that fraud was practiced herein; and in the same decision the above court cites with approval *Edrington* v. *Harper*, 3 J. J. Marsh. (26 Ky.) 353, 355 [20 Am. Dec. 145], in which it was held: ''The fact that the real transaction between the parties, was a borrowing and lending will, whenever, or however it shall appear, show that a deed, absolute on its face, was intended as a security for money; and whenever it can be ascertained to be a security for money, it is only a mortgage, however artfully it may be disguised.''

■ 16 California Jurisprudence, 427, and cases cited therein are authority to the effect that the statute of limitations in the present case does not begin to run until the *"cestui que trust"* has learned of the adverse claim. There is evidence to the effect that this date is fixed in the late summer of 1925, and his action was filed within a period of approximately two months thereafter—hence the statute of limitations has no application and the action is brought within the period allowed by law.

■ Courts of equity will relieve where unconscionable advantage has been taken, and where a party has been lulled into false security. (*Odell* v. *Cox*, 151 Cal. 70, 75 [90 Pac. 194]; 12 Cal. Jur. 720, and cases cited therein.)

The evidence in this case establishes the fact that at the time when the initial proceedings were had, defendant Aaron Nadler stated that it was not necessary for him to sign any written instrument promising reconveyance, but ''that he was plaintiff's father, and plaintiff should trust him'', which apparently plaintiff did.

From the testimony in the case and the rulings of the trial court, it is apparent that the trial court found there was sufficient evidence to establish the fact that the instruments of conveyance were in fact mortgages, and that the confidence of the *"cestui que trust"* had been misplaced; and this finding of the trial court is borne out by perusal of the transcript.

The trial court found, and we think with sufficient reason: First, that the instruments of conveyance were given as security for a debt, and that the parties thereto intended that the transaction should be a mortgage; and second, that a trust was created, and that defendants by setting up an adverse claim practiced fraud upon the plaintiff.

In reading the numerous cases cited by respondent from foreign jurisdictions, where a similar law exists, we are of the opinion that the judgment of the trial court should be sustained. In our judgment the other points raised by appellants are not sufficiently established to warrant a reversal. The judgment is therefore affirmed.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1934.